3:26-mj-00157

DISTRICT OF OREGON: ss,                          AFFIDAVIT OF KENNETH BAIN

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

**Introduction and Agent Background**

1.      I am a Special Agent with the Drug Enforcement Administration (DEA) and have been since January 2022.  I am currently assigned to the DEA Seattle Field Division (SFD) Portland District Office (PDO).  As a Special Agent of the DEA, I have participated in numerous drug investigations as either the lead case agent or as a supporting investigative agent, including in Title III wiretap investigations of violations of the Controlled Substances Act, Title 21, United States Code, Section 801, *et seq*.   I have received specialized training from the DEA, to include a 17-week Basic Agent Training course and other training courses. I have been involved in conducting long-term, international, and complex conspiracy investigations.  Prior to my assignment to the PDO, I was a sworn law enforcement officer in the state of Florida with the University of Florida Police Department for six years. During that time frame, I was assigned to Patrol for the first four years. For the last two years, I was assigned to the Gainesville DEA office, under the Miami Field Division, as a deputized Task Force Officer. I am familiar with investigations of drug trafficking organizations (hereinafter, "DTOs") including identifying methods of importation and distribution of controlled substances, and how controlled substances are manufactured, consumed, packaged, marketed, smuggled, and distributed.  I am also familiar with various tactics used by DTOs to import drugs into the United States, communicate with members of the DTOs, and arrange for transportation and distribution of drugs.

**Affidavit of Special Agent Kenneth Bain**                                    **Page 1**

2.    I submit this affidavit in support of a criminal complaint and arrest warrant for

**Abram Adam KNACK** (hereinafter "**KNACK**") for the crime of possession with intent to

distribute controlled substances (including methamphetamine, a Schedule II controlled substance)

in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).  As set forth below, there is probable cause to

believe, and I do believe, that **KNACK** committed possession with intent to distribute

methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).

3.    The facts set forth in this affidavit were gained through my personal participation in

the investigation as described below; from oral and written reports of other law enforcement

officers; and from records, documents and other evidence obtained during this investigation.   I

have obtained and read official reports prepared by law enforcement officers participating in this

investigation and in other related investigations.

## Applicable Law

4.    Title 21, United States Code Section 841(a)(1), (b)(1)(A)(viii) makes it unlawful for

any person to knowingly or intentionally possess with intent to distribute 500 grams or more of a

mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled

substance.

## Statement of Probable Cause

### Sources of Information

5.    Cooperating Defendant (hereinafter "CD-1") referenced herein has been arrested by

DEA in 2026 in reference to a federal drug investigation. CD-1 has provided information that has

been independently corroborated through DEA and local investigations and has led to successful

federal arrests and drug seizures. CD-1 has prior convictions for misdemeanor domestic violence,

Forgery, and Delivery of Methamphetamine. CD-1 has demonstrated knowledge about current drug

**Affidavit of Special Agent Kenneth Bain**                                    **Page 2**

trafficking trends that I know to be true based on my training and experience. Furthermore, I believe the CD-1's information is true and reliable to the extent it has been independently corroborated, as detailed herein.

6.      In January 2026, DEA Portland and ATF Portland began an investigation into a Beaverton, Oregon, based Transnational Criminal Organization ("TCO") believed to be involved in trafficking methamphetamine, firearms, and cocaine. During the course of the investigation, investigators identified and arrested CD-1 for possession with intention to distribute controlled substances, to include methamphetamine. Through debriefs with CD-1 and deconfliction with other law enforcement agencies, CD-1 identified **KNACK** as a person supplying methamphetamine in the greater Portland metro area. CD-1 also provided a phone number for **KNACK**.

7.      In June 2026, CD-1 assisted investigators in contacting **KNACK** to arrange the purchase of a quantity of methamphetamine.  **KNACK** agreed to the sale.

8.      On June 11, 2026, Investigators established surveillance at a location in the Beaverton area. Investigators observed a white Subaru Legacy (hereinafter "SUBARU") bearing Oregon registration 984PFT arrive in the parking lot and park. Based on deconflictions with Portland Police Bureau (hereinafter "PPB"), Investigators were aware that **KNACK** is known to operate that same SUBARU. At that time, Investigators contained the vehicle using their government vehicles and activated their red and blue lights. Investigators approached the SUBARU, wearing "DEA/POLICE" insignias. Investigators observed that **KNACK** was the sole occupant in the SUBARU, save a small dog named "Chewy", and was actively operating a cellphone. Investigators ordered **KNACK** out of the SUBARU and detained him in handcuffs. Investigators conducted a search of the vehicle and observed two black backpacks in the trunk. Upon opening one bag, Investigators located a Ziploc-style bag containing a clear, crystalline

**Affidavit of Special Agent Kenneth Bain**                                            **Page 3**

substance consistent with methamphetamine and approximately $14,000 in bulk currency. Investigators located a UPS box in the second backpack. Upon picking up the box, Investigators heard and felt a crystalline substance moving in the box. That observation was made based on my training, knowledge, and experience working federal drug investigations involving methamphetamine. Upon opening the box, Investigators observed four (4) Ziploc-style bags containing a clear, crystalline substance consistent with methamphetamine. Investigators transported the seized substances, currency, **KNACK**, and Chewy to the DEA Portland District Office (hereinafter "PDO").

9.      Upon arrival at the PDO, Investigators conducted field tests on the seized crystalline substance (presumptive positive for methamphetamine) and weighed it (3,736.9 grams, to include original and DEA packaging).

10.     **KNACK** was Mirandized and admitted to selling methamphetamine as a source of income and that the crystalline substance in the SUBARU was methamphetamine.

### Conclusion

11.     Based on the foregoing, I have probable cause to believe, and I do believe, that **KNACK** has committed the crime of possession with intent to distribute, including methamphetamine– in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).  I therefore request that the Court issue a criminal complaint and arrest warrant for **KNACK.**

/ / /

/ / /

/ / /

/ / /

**Affidavit of Special Agent Kenneth Bain**                                    **Page 4**

12.    Prior to being submitted to the Court, this affidavit, the accompanying complaint, and the arrest warrant were all reviewed by Assistant United States Attorney Nicole Hermann. AUSA Hermann advised me that in her opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

*By phone pursuant to Fed R. Crim. P. 4.1*
Special Agent Kenneth Bain
Drug Enforcement Administration

Subscribed and sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at __11:07__ a.m. on June 13, 2026.

HONORABLE STACIE F. BECKERMAN
UNITED STATES MAGISTRATE JUDGE

**Affidavit of Special Agent Kenneth Bain**                                    **Page 5**